**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | **EP-11-CR-02587-DB-4** |
| § | | |
| **FERNANDO BACA,** § | | |
| *Defendant*. § | | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff United States of America's "Motion For Installment Payment Order" ("Motion") (ECF No. 149), filed on November 7, 2024. Senior United States District Judge David Briones referred the motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Order Referring Mot. U.S. Magistrate Judge, ECF No. 163. For the reasons set forth below, the Court **RECOMMENDS** that the Motion for Installment Payment Order be **GRANTED in part** and **DENIED in part**.

### I.     BACKGROUND

On February 24, 2012, Defendant Fernando Baca plead guilty to the offenses of conspiring to commit theft (18 U.S.C. § 371) and fraud and false statements (26 U.S.C. § 7206). Am. Judgment in a Civil Case 1, ECF No. 131. He subsequently was sentenced to 15 months imprisonment and ordered to pay $343,832.10 in restitution. *Id.* at 2, 7–8. $318,328.10 of the restitution was to be paid jointly and severally with his three co-defendants, while $25,504 was due to the IRS individually. *Id.* at 7–8. According to Plaintiff, $98,869.97 in restitution has been received, and only $8,671.82 of it was paid by Defendant. Mot. 1, ECF No. 149. Plaintiff sent a formal repayment agreement to Defendant on August 13, 2024. *Id.* at 2. Defendant never returned the agreement. *Id.* Plaintiff subsequently filed this motion for installment payments, requesting that Defendant be required to pay $1,000 per month. *Id.* at 4. A hearing was held on this motion

on April 2, 2025. At the hearing, Defendant testified that $264 a month is withheld from his Social Security payments for restitution.

## II.    DISCUSSION

The Fair Debt Collection Procedures Act ("FDCPA") allows the United States, as a postjudgment remedy, to seek an installment payment order. *United States v. Badger*, 818 F.3d 563, 573 (10th Cir. 2016); s*ee also* 28 U.S.C. § 3204. If a judgment debtor "is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment" or "is diverting or concealing substantial earnings," then a court "may, if appropriate, order that the judgment debtor make specified installment payments to the United States." 28 U.S.C. § 3204(a). Before issuing such an order, notice must be provided to the debtor "in the same manner as a summons or by registered or certified mail, return receipt requested."[1] *Id.* Additionally, a hearing must be held. *Id.* Only nonexempt disposable earnings are subject to an order for installment payments. *Id.* § 3204(c)(2).

"Self-employment earnings include those from debtors 'like doctors, accountants, and lawyers . . . [and] would also include the debtor who controls a family business through a corporation to which the debtor provides important services, but who may be paid no salary to prevent creditors from garnishing the same." *United States v. Smith*, No. 21-CV-534-GKF-SH, 2024 WL 4681626, at *3 (N.D. Okla. Aug. 29, 2024) (quoting *United States v. Vanzant*, no. 1:06-cv-68, 2018 WL 3326439, at *2 (E.D. Tenn. Jan. 8, 2018)). Plaintiff has asserted that Defendant is self-employed through a sole proprietorship called Rolling Rock Trucking. Mot. 2. At the hearing on April 2, Defendant confirmed that he is self-employed and the owner of Rolling Rock Trucking.

---

[1] Notice in this case was provided to Defendant via certified mail. *See* Certified Mail Receipt, ECF No. 171.

"'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 28 U.S.C. § 3002(6). "'Nonexempt disposable earnings' means 25 percent of disposable earnings," where disposable earnings are "that part of earnings remaining after all deductions required by law have been withheld." *Id.* §§ 3002(5), 3002(9). Defendant testified that he has not had much work this year. However, it is appropriate for a court to consider multiple years of income when ordering installment payments. *See Davis v. United States*, 479 F. App'x 601, 603 (5th Cir. 2012) (holding that the district court was within its discretion to base an installment payments order on the defendant's income from 2008 to 2010). At the hearing, Defendant confirmed that from July 2022 to June 2023, he had close to $263,000 in deposits. Up through June of 2023, he was making $20,000 to $30,000 a month in income. His 2023 income tax return reflected average monthly deposits of over $37,000. Mot. 4. Thus, the Court concludes that he has substantial nonexempt disposable earnings.

The statute also provides for several considerations that a judge must make when determining the amount of a monthly installment payment order. "[T]he court shall take into consideration . . . the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States." 28 U.S.C. § 3204(a). At the hearing, Defendant explained that he pays about $800 or $900 a month in rent, $300 to $400 on food, $300 on utilities, $100 on his personal vehicle, about $110 on insurance for his personal vehicle, and about $200 to $300 a month for supplies around the house. Defendant's testimony at the hearing is that his earnings fluctuate, and he has not earned much so far this year. At one point, he stated that he has brought in about $2,000 a month so far this year

through his employment, and at another point he said about $900 a week, or $3600 a month. The Government subsequently requested that Defendant only be ordered to pay $250 a month in restitution, with the additional requirement that he report to the Government on the status of his income every 90 days.[2] "The [FDCPA] accords district courts broad discretion in issuing installment-payment orders." *Davis*, 479 F. App'x at 602. The Court considers $250 a month, which is between 6.9% and 12.5% of Defendant's earnings, a reasonable installment payment amount. The Court also considers Plaintiff's request that Defendant be required to submit his income to the Government every 90 days to be reasonable, given that Defendant's earnings could increase again.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff United States of America's Motion For Installment Payment Order (ECF No. 149) be **GRANTED in part** and **DENIED in part**. The Court **FURTHER RECOMMENDS** that Defendant Fernando Baca be ordered to make monthly installment payments in the amount of $250.00 to the United States until the judgment, plus accrued interest, is fully satisfied. The Court **FURTHER RECOMMENDS** that Defendant be required to submit his income every 90 days to the United States Department of Justice Financial Litigation Unit.

The Clerk of Court is directed to send a copy of this Report and Recommendation, via United States certified mail, to Fernando Baca at 12014 Paseo Antiguo Drive, El Paso, TX 79936.

**SIGNED** this 28th day of April, 2025.

---

[2] At the hearing, both Plaintiff and Defendant were given three weeks to submit a proposed order to the Court with a proposed installment payment amount. Only Plaintiff submitted a proposed order.

_(signature)_

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**